IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ODELL BURGESS, #579316 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-07-049 |
| | § | |
| NATHANIEL QUARTERMAN, Director | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the application of O'Dell Burgess for the issuance of a writ of habeas corpus. Burgess challenges disciplinary case number **20070008290**, in which he was punished with a loss of 180 good-time days, thirteen days in solitary confinement, a loss of time-earning class status from S3-L1, and forty-five days commissary restriction. Having reviewed Petitioner's application, this Court makes the following recommendation to the District Court.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, habeas corpus procedures are appropriate when the allegations concern punishment which may ultimately affect the length of an inmate's confinement. *See Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept*., 37 F.3d 166, 168 (5th Cir. 1994); *Serio v. Members of the La. State Bd. Of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Petitioner complains of due process violations committed during the course of his disciplinary proceeding; however, due to the nature of his conviction, he is not eligible for the protections afforded by the Due Process Clause.

In his application for habeas relief, Petitioner states that he was convicted of aggravated robbery in 1991 and is not eligible for mandatory supervision. As such, a loss of good time credits does not affect the duration of his sentence and does not, therefore, trigger due process protections. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Madison v. Parker,* 104 F.3d 765, 767 (5th Cir. 1997). To the extent Petitioner's claims are interpreted to assert that the challenged disciplinary proceeding will adversely affect his eligibility for parole, he still has not stated a claim that invokes due process. While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). Therefore, to whatever extent the challenged disciplinary proceeding affects Petitioner's eligibility for parole, his due process rights have not been violated. Petitioner has failed to state a claim that is cognizable under federal habeas review. *See Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-484.

Accordingly, for the aforementioned reasons, it is the **RECOMMENDATION** of this Court that this cause be **DISMISSED for failure to state a claim upon which federal habeas relief is available**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner, who shall have until **March 26, 2007,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 7753 at P.O. Drawer 2300</u>. Any objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the

prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___15th___ day of March, 2007.

_____
John R. Froeschner
United States Magistrate Judge